## IN THE CIRCUIT COURT FOR FREDERICK COUNTY

APPLEGATE, LP                                      *
2613 Cabover Drive
Hanover, Maryland 21076                             *

and                                                 *

COUNTRY HILL, LP                                    *
2613 Cabover Drive
Hanover, Maryland 21076                             *

and                                                 *

COLLEGE ESTATES, LP                                 *
2613 Cabover Drive
Hanover, Maryland 21076                             *        Case No.

and                                                 *

FREDWOOD, LLLP                                      *
2613 Cabover Drive
Hanover, Maryland 21076                             *

and                                                 *

HOME PROPERTIES HUNTERS GLEN, LLC                   *
6 Garrison View Road
Owings Mills, Maryland 21117                        *

and                                                 *

HOME PROPERTIES ELMWOOD TERRACE, LLC                *
(f/k/a Elmwood Venture, LP)
6 Garrison View Road                                *
Owings Mills, Maryland 21117
                                                    *
          Plaintiffs
                                                    *
v.
                                                    *
FREDERICK COUNTY, MARYLAND
101 North Court Street                              *
Frederick, Maryland 21701

                                                    *

                                            (Caption continues on next page)

1

Serve On:   County Attorney                    *
            John S. Mathias
            Winchester Hall                     *
            12 East Church Street
            Frederick, Maryland 21701           *

and                                             *

CITY OF FREDERICK                               *
101 North Court Street
Frederick, Maryland 21701                       *

Serve On:   City Attorney                       *
            Saundra Nickols
            101 North Court Street              *
            Frederick, Maryland 21701
                                                *

            Defendants
                          *    *    *    *    *    *    *    *    *

## COMPLAINT AND ELECTION FOR JURY TRIAL

Plaintiffs, Applegate, LP, Country Hill, LP, College Estates, LP, Fredwood LLLP, Home

Properties Hunters Glen, LLC, and Home Properties Elmwood Terrace, LLC (f/k/a Elmwood

Venture, LP) by and through their attorneys Paul D. Bekman, Salsbury, Clements, Bekman,

Marder & Adkins, L.L.C., and Stuart L. Sagal, Kimberly A. Manuelides, and Sagal, Filbert,

Quasney & Betten, P.A. hereby sue Frederick County, Maryland and the City of Frederick and

state as follows:

### Jurisdiction and Venue

1.      Plaintiff Applegate, LP ("Applegate") is a Maryland Limited Partnership that

owns the Applegate Apartments (154 units) located at 1404-A Taney Avenue, Frederick,

Maryland 21702.

2.     Plaintiff Country Hill, LP ("Country Hill") is a Maryland Limited Partnership that owns the Country Hill Apartments (108 units) located at 1000 Heather Ridge Drive, Frederick, Maryland 21702.

3.     Plaintiff College Estates, LP ("College Estates") is a Maryland Limited Partnership that owns the Potomac Commons (150 units) located at 1404-A Taney Avenue, Frederick, Maryland 21702.

4.     Plaintiff Fredwood, LLLP ("Fredwood") is a Maryland Limited Liability Limited Partnership that owns the Woodlawn Village Apartments (102 units) located at 1469 West Key Parkway, Frederick, Maryland 21702.

5.     Plaintiff Home Properties Hunters Glen, LLC ("Hunters Glen") is a Maryland Limited Liability Company that owns the Hunters Glen apartments (108 units) located at 1420 Key Parkway, Frederick, Maryland 21702.

6.     Plaintiff Home Properties Elmwood Terrace, LLC (f/k/a Elmwood Venture, LP) ("Elmwood Terrace") is a Maryland Limited Liability Company that owns the Elmwood Terrace apartments (504 units) located at 1421 Key Parkway, Frederick, Maryland 21702.

7.     Defendant Frederick County, Maryland ("Frederick County") is a public entity and local government in the State of Maryland that provides recycling services to some of the residents in Frederick, Maryland.

8.     Defendant City of Frederick is a municipal corporation in the State of Maryland that provides waste collection to some of the residents in the City of Frederick, Maryland.

9.     Jurisdiction over this matter is vested in this Court by Sections 1-501, 6-102 and 6-103 of the Courts and Judicial Proceedings Article of the Annotated Code of Maryland.

3

10.     Venue is proper under Section 6-201 of the Courts and Judicial Proceedings Article of the Annotated Code of Maryland as the events that led to this lawsuit all occurred in Frederick County, Maryland.

11.     Plaintiffs seek damages in excess of $75,000.00 and pray for a jury trial.

<u>Factual Background</u>

A.    <u>Curb-Side Recycling</u>

12.     Plaintiffs incorporate and adopt paragraphs 1 through 11 as if fully stated herein.

13.     Frederick County through its Department of Solid Waste Management is responsible for the County curb-side recycling program.  The Department of Solid Waste Management is not responsible for waste (trash) collection as this is handled by the individual municipalities, home owners' associations, or through private collection.

14.     Frederick County's curb-side recycling program began in 1991 with a pilot program that has expanded to include collection for each single family home as of 2009.

15.     In 2012, Maryland's General Assembly enacted Md. Code Ann., Envir. § 9-1703, requiring owners/managers of all multi-family units to provide their residents with an opportunity for recycling as of October 1, 2014.

16.     Frederick County does not to provide curb-side recycling to apartment buildings, despite offering curb-side recycling free of charge to condominium unit owners.  Frederick County discriminates in its application of its curb-side recycling program by extending the program to some multi-family units --condominiums --but not to others -- apartment buildings.

17.     Frederick County's failure to extend curb-side recycling to apartment buildings does not relate to: (a) cost of the service provided, (b) value of the service provided, (c)

substantial differences in the service provided, (d) substantial differences in the conditions with which service is provided, or (e) the rate of return for each customer class.

18.    Plaintiffs own properties within Frederick County containing a total of 1126 residential units.

19.    As a result of Frederick County's discriminatory refusal to provide curb-side recycling to apartment buildings, Plaintiffs have had to hire private waste collection companies to pick up recyclables at their buildings.

20.    As a result of the requirements of Md. Code Ann., Envir. § 9-1703 and Frederick County's unfair and discriminatory curb-side recycling program, from October 1, 2014 to present, Plaintiffs have paid in aggregate in excess of $200,000.00 for private recycling collection for their properties located at Applegate Apartments, Potomac Commons, Country Hill, Woodlawn Village Apartments, Elmwood Terrace and Hunters Glen.

B.    The System Benefit Charge

21.    In 2004, the Maryland General Assembly passed legislation that was signed into law by the Governor that vested the Frederick County Board of Commissioners with the authority to establish a solid waste disposal charge. *See* Frederick County Code § 2-13-24.  In 2006, the Frederick County Board of Commissioners established a solid waste disposal charge called a System Benefit Charge ("SBC") to assist in defraying capital and operational costs for the disposal of solid waste, namely the curb-side recycling program. *See* Ordinance No. 06-05-401.

22.    The SBC for each dwelling unit for Multi-Family Properties including apartment buildings has been assessed at the following rates:

A.    July 1, 2006 to June 30, 2007        $13 per dwelling unit

|      |                               |                       |
|------|-------------------------------|-----------------------|
| B.   | July 1, 2007 to June 30, 2008 | $20 per dwelling unit |
| C.   | July 1, 2008 to June 30, 2009 | $44 per dwelling unit |
| D.   | July 1, 2009 to June 30, 2010 | $47 per dwelling unit |
| E.   | July 1, 2010 to June 30, 2011 | $49 per dwelling unit |
| F.   | July 1, 2011 to June 30, 2012 | $49 per dwelling unit |
| G.   | July 1, 2012 to June 30, 2013 | $49 per dwelling unit |
| H.   | July 1, 2013 to June 30, 2014 | $49 per dwelling unit |
| I.   | July 1, 2014 to June 30, 2015 | $49 per dwelling unit |

23.    The SBC is billed as part of the County Tax Bill is collected along with taxes on real property.

24.    From July 1, 2006 to present, Plaintiffs have paid an aggregate of $415,000.00 in SBC charges for the properties located at the Applegate Apartments, Potomac Commons, Country Hill, and Woodlawn Village Apartments, Hunters Glen and Elmwood Terrace.

25.    Despite discriminatorily refusing to provide curb-side recycling to apartment buildings, Frederick County continues to charge the owners of apartment buildings the SBC. Plaintiffs have received no benefit for the SBC.

C.      Waste (Trash) Collection

26.    The City of Frederick is charged with waste collection for those dwellings inside the municipal boundaries.

27.    The City of Frederick does not provide waste collection to apartment buildings, despite offering waste collection free of charge to condominium unit owners. The City of Frederick discriminates in its application of its waste collection program by extending the program to some multi-family units --condominiums -- but not to others -- apartment buildings.

6

28.    The City of Frederick's failure to extend waste collection to apartment buildings does not relate to: (a) cost of the service provided, (b) value of the service provided, (c) substantial differences in the service provided, (d) substantial differences in the conditions with which service is provided, or (e) the rate of return for each customer class.

29.    As a result of the City of Frederick's discriminatory refusal to provide waste collection to apartment buildings, Plaintiffs have had to hire private waste collection companies to pick up trash at their buildings.

30.    As a result of the City of Frederick's unfair and discriminatory waste collection program, from October 1, 2000 to present, Plaintiffs have paid an amount to be determined at trial, but exceeds $75,000.00.

### COUNT ONE
### Unjust Enrichment – Frederick County, Maryland

31.    Plaintiffs incorporate and adopt paragraphs 1 through 30 as if fully stated herein.

32.    Plaintiffs conferred a benefit on the Frederick County by paying the SBC when they received no benefit for the charge.

33.    Frederick County was aware of, and had knowledge that it was charging Plaintiffs the SBC even though the Plaintiffs were not receiving any benefit from the charge, which makes it inequitable for Frederick County to retain the benefits.

34.    The reasonable value for the SBC that Plaintiffs were unfairly and overly charged will be determined at trial but exceeds $75,000.00.

WHEREFORE, Plaintiffs demand judgment in their favor against Defendant Frederick County in amounts to be determined at trial but in aggregate not less than $75,000.00, together with prejudgment interest, post-judgment interest, costs and expenses, attorneys' fees, and such other relief as this Court deems just and equitable.

7

## COUNT TWO
### Violation of 14th Amendment U.S. Constitution
### -- Equal Protection in Curb-Side Recycling
### Frederick County

35.     Plaintiffs incorporate and adopt paragraphs 1 through 34 as if fully stated herein.

36.     The equal protection guaranties of the 14th Amendment of the United States Constitution require, at a minimum, a rational basis for discriminating between citizens.

37.     To survive an equal protection challenge, Frederick County's application of its county- based programs must be reasonable, not arbitrary, and must rest upon some ground of difference having a fair and substantial relation to the object of the program.

38.     Frederick County's application of its curb-side recycling program violates equal protection because it discriminates between multi-family units by collecting recycling at condominiums while refusing to provide that same benefit to apartment buildings.

39.     As such, all Plaintiffs' rights to equal protection under the law have been violated and pursuant to 42 U.S.C. Sections 1981 and 1983, Plaintiffs are entitled to monetary damages.

40.     There is no rational basis for distinguishing between multi-family units  (namely condominiums and apartment buildings) in providing curb-side recycling.

41.     As such, all Plaintiffs' rights to equal protection under the law have been violated by the Frederick County's discriminatory application of its curb-side recycling.

WHEREFORE, Plaintiffs demand judgment in their favor against Defendant Frederick County in amounts to be determined at trial but in aggregate not less than $75,000.00, together with prejudgment interest, post-judgment interest, costs and expenses, attorneys' fees, and such other relief as this Court deems just and equitable.

**COUNT THREE**
**Violation of Article 24 of the Maryland Declaration of Rights –**
**Equal Protection in Curb-Side Recycling**
**Frederick County**

42.     Plaintiffs incorporate and adopt paragraphs 1 through 41 as if fully stated herein.

43.     The equal protection guarantees of Article 24 of the Maryland Declaration of

Rights require, at a minimum, a rational basis for discriminating between citizens.

44.     To survive an equal protection challenge, Frederick County's application of its

county-based program must be reasonable, not arbitrary, and must rest upon some ground of

difference having a fair and substantial relation to the object of the program.

45.     Frederick County's application of its curb-side recycling program violates equal

protection because it discriminates between multi-family units by collecting recycling at

condominiums while refusing to provide that same benefit to apartment buildings.

46.     As such, Plaintiffs' rights to equal protection under the law have been violated.

47.     There is no rational basis for distinguishing between multi-family units  (namely

condominiums and apartment buildings) in providing a curb-side recycling program.

48.     As such, Plaintiffs' rights to equal protection under the law have been violated by

Frederick County's discriminatory application of its curb-side recycling program.

WHEREFORE, Plaintiffs demand judgment in their favor against Defendant Frederick

County in amounts to be determined at trial but in aggregate not less than $75,000.00, together

with prejudgment interest, post-judgment interest, costs and expenses, attorneys' fees, and such

other relief as this Court deems just and equitable.

## COUNT FOUR
### Violation of 14th Amendment U.S. Constitution
#### – Equal Protection in Waste Collection
#### City of Frederick

49.     Plaintiffs incorporate and adopt paragraphs 1 through 48 as if fully stated herein.

50.     The equal protection guaranties of the 14th Amendment of the United States Constitution require, at a minimum, a rational basis for discriminating between citizens.

51.     To survive an equal protection challenge, the City of Frederick's application of its city-wide programs must be reasonable, not arbitrary, and must rest upon some ground of difference having a fair and substantial relation to the object of the program.

52.     The City of Frederick's application of its waste collection program violates equal protection because it discriminates between multi-family units by collecting trash at condominiums while refusing to provide that same benefit to apartment buildings.

53.     As such, Plaintiffs' rights to equal protection under the law have been violated and pursuant to 42 U.S.C. Sections 1981 and 1983, Plaintiffs are entitled to monetary damages.

54.     There is no rational basis for distinguishing between multi-family units (namely condominiums and apartment buildings) in providing trash collection.

55.     As such, Plaintiffs' rights to equal protection under the law have been violated by the City of Frederick's discriminatory application of its waste collection program.

WHEREFORE, Plaintiffs demand judgment in their favor against Defendant Frederick County in amounts to be determined at trial but in aggregate not less than $75,000.00, together with prejudgment interest, post-judgment interest, costs and expenses, attorneys' fees, and such other relief as this Court deems just and equitable.

## COUNT FIVE
### Violation of Article 24 of the Maryland Declaration of Rights –
### Equal Protection in Waste Collection
### City of Frederick

56.     Plaintiffs incorporate and adopt paragraphs 1 through 55 as if fully stated herein.

57.     The equal protection guarantees of Article 24 of the Maryland Declaration of Rights require, at a minimum, a rational basis for discriminating between citizens.

58.     To survive an equal protection challenge, the City of Frederick's application of its city-wide programs must be reasonable, not arbitrary, and must rest upon some ground of difference having a fair and substantial relation to the object of the program.

59.     The City of Frederick's application of its waste collection program violates equal protection because it discriminates between multi-family units by collecting trash at condominiums while refusing to provide that same benefit to apartment buildings.

60.     As such, Plaintiffs' rights to equal protection under the law have been violated.

61.     There is no rational basis for distinguishing between multi-family units (namely condominiums and apartment buildings) in providing trash collection.

62.     As such, Plaintiffs' rights to equal protection under the law have been violated by the City of Frederick's discriminatory application of its waste collection program.

WHEREFORE, Plaintiffs demand judgment in their favor against Defendant Frederick County in amounts to be determined at trial but in aggregate not less than $75,000.00, together with prejudgment interest, post-judgment interest, costs and expenses, attorneys' fees, and such other relief as this Court deems just and equitable.

## COUNT SIX
### Declaratory Judgment- Frederick County and the City of Frederick

63.     Plaintiffs incorporate and adopt paragraphs 1 through 62 as if fully stated herein.

11

64.     This declaratory judgment action is brought pursuant to Sections 3-406 and 3-407 of the Courts and Judicial Proceedings Article of the Maryland Annotated Code for the purpose of determining questions of actual controversy between the parties and terminating uncertainty and controversy giving rise to this proceeding.

65.     Plaintiffs enjoy local, State, and Federal rights to be treated equally under the law and be free from discrimination based on property ownership.

66.     Frederick County's actions are unlawful in that they have charged the same SBC charge to all multi-family units even though it discriminates between multi-family units in its curb-side recycling program.

67.     The City of Frederick's actions are unlawful in that they have implemented a waste collection program that discriminates between multi-family units.

68.     There exits an actual controversy regarding a justiciable issue between Plaintiffs and Frederick County within the jurisdiction of this Court, involving whether Frederick County unfairly and discriminatorily implemented its curb-side recycling program and whether Frederick County unfairly charged Plaintiffs a SBC charge for their apartment buildings when they get no benefit for the charge. This question involves the rights and responsibilities of Frederick County as a governing body and the Plaintiffs as corporate citizens.

69.     There exits an actual controversy regarding a justiciable issue between Plaintiffs and the City of Frederick within the jurisdiction of this Court, involving whether the City of Frederick unfairly and discriminatorily implements its waste collection program. This question involves the rights and responsibilities of the City of Frederick as a governing body and the Plaintiffs as corporate citizens.

70.     Antagonistic claims are present between the parties that indicate imminent and inevitable litigation.

71.     Under Sections 3-401 through 3-415 of the Courts and Judicial Proceedings Article of the Maryland Annotated Code, Plaintiffs are entitled to a judgment declaring the rights and responsibilities of the Plaintiffs and Defendant, and further settling the legal relations, rights, and responsibilities of the parties.

WHEREFORE, Plaintiffs respectfully request that this Court declare, order and rule (1) Frederick County's implementation of its curb-side recycling program among multi-family property owners was unfair and discriminatory, (2) that Frederick County may not have curb-side recycling for condominiums and not apartment buildings, (3) that Frederick County's SBC charge to apartment buildings is unfair, (4) that Frederick County may not collect a SBC charge from apartment buildings without providing them with curb-side recycling, (5) that the City of Frederick's implementation of its waste collection program among multi-family property owners was unfair and discriminatory, (6) that the City of Frederick may not collect trash from condominiums and not apartment buildings, and (7) award such other and further relief as may be required.

PAUL D. BEKMAN
SALSBURY, CLEMENTS, BEKMAN,
MARDER & ADKINS, LLC
300 W. Pratt Street, Suite 450
Baltimore, MD 21201
(410) 539-6633

STUART L. SAGAL
KIMBERLY A. MANUELIDES

13

SAGAL, CASSIN, FILBERT &
QUASNEY, P.A.
600 Washington Avenue, Suite 300
Towson, Maryland 21204
(410) 823-1881

IN THE CIRCUIT COURT FOR FREDERICK COUNTY

APPLEGATE, LP                                  *
2613 Cabover Drive
Hanover, Maryland 21076                         *

and                                             *

COUNTRY HILL, LP                               *
2613 Cabover Drive
Hanover, Maryland 21076                         *

and                                             *

COLLEGE ESTATES, LP                            *
2613 Cabover Drive
Hanover, Maryland 21076                         *        Case No.

and                                             *

FREDWOOD, LLLP                                 *
2613 Cabover Drive
Hanover, Maryland 21076                         *

and                                             *

HOME PROPERTIES HUNTERS GLEN, LLC              *
6 Garrison View Road
Owings Mills, Maryland 21117                    *

and                                             *

HOME PROPERTIES ELMWOOD TERRACE, LLC           *
(f/k/a Elmwood Venture, LP)
6 Garrison View Road                            *
Owings Mills, Maryland 21117
                                                *

   Plaintiffs
                                                *

v.
                                                *

FREDERICK COUNTY, MARYLAND
101 North Court Street                          *
Frederick, Maryland 21701

                                                *

(Caption continues on next page)

15

Serve On:   County Attorney                 *
                 John S. Mathias
                 Winchester Hall             *
                 12 East Church Street
                 Frederick, Maryland 21701    *

and                                           *

CITY OF FREDERICK                *.
101 North Court Street
Frederick, Maryland 21701           *

Serve On:   City Attorney                    *
                 Saundra Nickols
                 101 North Court Street        *
                 Frederick, Maryland 21701
                                         *

             Defendants
                 *      *      *      *      *      *      *      *      *

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiffs, Applegate, LP, Country Hill, LP, College Estates, LP, Fredwood LLLP, and

Home Properties Hunters Glen, LLC and Home Properties Elmwood Terrace, LLC (f/k/a

Elmwood Venture, L.P.) elect to have their case tried by a jury.

PAUL D. BEKMAN
SALSBURY, CLEMENTS, BEKMAN,
MARDER & ADKINS, LLC
300 W. Pratt Street, Suite 450
Baltimore MD 21201
(410) 539-6633

STUART L. SAGAL
KIMBERLY A. MANUELIDES
SAGAL, FILBERT, QUASNEY &
BETTEN, P.A.
600 Washington Avenue, Suite 300
Towson, Maryland 21204
(410) 823-1881